**Maryia Vladimirovna SIMONCHYK, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,\* Respondent.**

No. 08–3838–ag.

United States Court of Appeals, Second Circuit.

Sept. 21, 2009.

Alexander J. Segal, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Terri J. Scadron, Assistant Director, Richard Zanfardino, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, WALKER and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Maryia Vladimirovna Simonchyk, a native and citizen of Belarus, seeks review of a July 8, 2008 order of the BIA denying her motion to reopen her removal proceedings. *In re Maryia Vladimirovna Simonchyk*, No. A79 326 070 (B.I.A. July 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■■■■ We review the BIA's denial of a motion to reopen for abuse of discretion.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(C)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

*Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (per curiam). Here, the BIA properly denied Simonchyk's motion to reopen as untimely where she filed it over three years after her 2004 final order of removal. *See* 8 C.F.R. § 1003.2(c)(2) (providing that an applicant must file a motion to reopen within ninety days of the final administrative decision). The BIA did not abuse its discretion in finding that Simonchyk failed to present material evidence of changed country conditions sufficient to be exempt from the time limitation. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). While the documents she submitted indicate that "religions other than the Belarusian Orthodox Church are not treated with equality in Belarus," we cannot find that the BIA abused its discretion in concluding that such evidence did not show a likelihood of persecution or otherwise demonstrate changed country conditions sufficient to warrant reopening her proceedings. Accordingly, the BIA properly denied her motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).